1 | MICHAEL J. HADDAD (State Bar No. 189114)
2 | JULIA SHERWIN (State Bar No. 189268)
  | GINA ALTOMARE (State Bar No. 273099)
  | GENEVIEVE K. GUERTIN (State Bar No. 262479)
3 | HADDAD & SHERWIN
  | 505 Seventeenth Street
4 | Oakland, CA 94612
5 | Telephone: (510) 452-5500
  | Fax: (510) 452-5510
6 |
  | Attorneys for Plaintiff
7 | GARY HESTERBERG

**FILED**

MAR 2 1 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

GARY HESTERBERG, individually,

　　　　　　Plaintiff,

vs.

UNITED STATES OF AMERICA,
National Park Service Ranger SARAH
CAVALLARO, and DOES 1-10,
individually, jointly and severally,

　　　　　　Defendants.

Case No. **C13-1265**

**COMPLAINT FOR DAMAGES AND
JURY DEMAND**

　　　　Plaintiff GARY HESTERBERG, by and through his attorneys, HADDAD & SHERWIN,

for his Complaint against Defendants, states as follows:

## JURISDICTION

　　　　1.　　Plaintiff brings this action pursuant to the Federal Tort Claims Act, the authority of

*Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971),

the First, Fourth, and Fourteenth Amendments to the United States Constitution, and California

state law.

COMPLAINT FOR DAMAGES AND JURY DEMAND

1

2. Jurisdiction is founded upon 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. §§ 1346(b)(1), *et seq.* (United States as Defendant), and 28 U.S.C. § 1367(a) (Supplemental Jurisdiction). The amount in controversy, excluding interest and costs, exceeds the minimum jurisdictional limit of this Court pursuant to 28 U.S.C. § 1332.

3. Plaintiff timely presented an Administrative Claim to the National Park Service pursuant to 28 U.S.C. §§ 1346(b) and 2671-2680 on July 11, 2012. The Office of the Solicitor of the United States Department of the Interior denied Plaintiff's claim in a letter dated January 25, 2013. Plaintiff has therefore exhausted all available administrative remedies.

4. Venue is proper in the Northern District of California because the acts and omissions that form the basis of Plaintiff's claims occurred in Rancho Corral de Tierra in the Golden Gate National Recreation Area in the County of San Mateo, California.

**INTRADISTRICT ASSIGNMENT**

5. A substantial part of the events and/or omissions complained of herein occurred in Rancho Corral de Tierra in the Golden Gate National Recreation Area in the County of San Mateo, California, and this action is properly assigned to the San Francisco or Oakland Division of the United States District Court for the Northern District of California.

**PARTIES AND PROCEDURE**

6. Plaintiff GARY HESTERBERG, who is 51 years old, is and at all material times was a resident of the State of California.

7. Defendant UNITED STATES OF AMERICA is an appropriate defendant under the Federal Tort Claims Act.

8. The National Park Service ("NPS") is and at all times herein mentioned was a bureau of the United States Department of the Interior, a federal agency of Defendant UNITED

COMPLAINT FOR DAMAGES AND JURY DEMAND                                    2

STATES OF AMERICA and was operating in Rancho Corral de Tierra in the Golden Gate National Recreation Area in the County of San Mateo, California.

9. Defendant Ranger SARAH CAVALLARO at all material times was employed by the National Park Service, a federal agency of Defendant UNITED STATES OF AMERICA, and was acting within the course and scope of that employment. At all material times, Defendant CAVALLARO was acting as a law enforcement officer of the United States government. Defendant CAVALLARO is sued in her individual capacity.

10. The true names and capacities of Defendants sued herein as DOES 1-10 ("DOE Defendants" or "DOES") are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and Plaintiff will seek leave to amend this complaint to show their true names and capacities when the same are ascertained. At all material times, each DOE Defendant was an employee or agent of the UNITED STATES OF AMERICA and was acting within the course and scope of that relationship.

11. Plaintiff is informed and believes and thereon alleges that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described and proximately caused injuries and damages to Plaintiff. Further, one or more DOE Defendants was at all material times responsible for the hiring, training, supervision, and discipline of Defendants and other DOE Defendants.

12. Plaintiff is informed and believes and thereon alleges that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship. Plaintiff is further informed and believes and thereon alleges that each of the Defendants herein gave consent, aid, and assistance to each of the

1   remaining Defendants and ratified and/or authorized the acts or omissions of each Defendant as

2   alleged herein, except as may be hereinafter otherwise specifically alleged.

3       13.   At all material times, each Defendant was an integral participant in the events

4   described herein and was jointly engaged in tortious activity, resulting in the deprivation of

5   Plaintiff's constitutional rights and other harm.

6       14.   At all material times, each Defendant's conduct was governed by, pursuant to, and

7   consistent with federal laws, regulations, and policies, and each Defendant exercised no

8

9   policymaking judgment whatsoever.

10      15.   This complaint may be pled in the alternative pursuant to Federal Rule of Civil

11  Procedure 8(d).

12                          **GENERAL ALLEGATIONS**

13      16.   Plaintiff realleges each and every paragraph of this complaint as if fully set forth

14  here.

15

16      17.   On or about January 29, 2012, shortly after 4:00 p.m., Plaintiff was on a routine run

17  in the trails in or around Rancho Corral de Tierra with his two small dogs, a leashed Beagle and an

18  unleashed Rat Terrier who was under voice control.

19      18.   On information and belief, in approximately December 2011, the Peninsula Open

20  Space Trust transferred Rancho Corral de Tierra to the Golden Gate National Recreation Area

21  ("GGNRA"), which is managed by the National Park Service.

22      19.   On information and belief, in approximately January 2012, there was a change in

23

24  the NPS leash rule such that dog owners were no longer allowed to walk their dogs off-leash in

25  Rancho Coral de Tierra. This change in the leash rule was not well-publicized, and at the time of

26  this incident, the trails where Plaintiff ran with his dogs were not posted with any signage to

27

28

COMPLAINT FOR DAMAGES AND JURY DEMAND                                              4

1  inform park users of the rule change. By the time of this incident, Plaintiff had been aware of
2  rumors that GGNRA may be taking control of Rancho Coral de Tierra, and may change the dog
3  leash rules at some time in the future; however, Plaintiff had not been informed of any actual rule
4  changes concerning dogs.

5      20.    During Plaintiff's run, he saw Defendant Ranger Sarah Cavallaro approaching him
6  on the trail. Plaintiff immediately stopped running and leashed his Rat Terrier. By the time
7  Defendant Cavallaro approached Plaintiff, both of Plaintiff's small dogs were leashed.
8

9      21.    Defendant Cavallaro contacted Plaintiff, purportedly to provide a routine
10 educational contact about the new NPS rules on dog walking in Rancho Corral de Tierra.

11     22.    Defendant Cavallaro did not identify herself to Plaintiff, and Plaintiff did not know
12 who she was, who employed her, or that she was a law enforcement officer.

13     23.    Defendant Cavallaro issued Plaintiff a verbal warning for having had his Rat
14 Terrier off-leash and told Plaintiff that she was going to let him go with the warning. She
15 specifically told him that she was not issuing him any citation.
16

17     24.    After issuing Plaintiff the verbal warning, Defendant Cavallaro nevertheless
18 continued to detain Plaintiff; asked him for his name, address, and date of birth; and radioed her
19 dispatcher. Defendant Cavallaro lacked legal authority for this continued detention.

20     25.    During these events, witnesses James Babcock and Michelle Babcock approached
21 Defendant Cavallaro and Plaintiff. Plaintiff told these witnesses that Defendant Cavallaro had
22 stopped him for walking one of his dogs off-leash. Mr. Babcock asked Defendant Cavallaro
23 something like, 'Who are you, and who do you work for?' Defendant Cavallaro did not respond
24 and still had not identified herself.
25

26

27

28

COMPLAINT FOR DAMAGES AND JURY DEMAND                                         5

26.     After some minutes passed, Plaintiff told Defendant Cavallaro something to the effect of, 'You've given me the warning, and if there is nothing further, I'm going to leave.' Defendant Cavallaro responded with something like, 'No, you're not free to leave.'

27.     Again, Plaintiff asked Defendant Cavallaro questions to the effect of, 'Who are you? Who do you work for? What's your authority here?' Mr. Babcock also asked Defendant Cavallaro questions like, 'Who are you? Who do you work for?' Defendant Cavallaro again did not identify herself or her authority to detain Plaintiff, and Plaintiff still did not know who she was, who employed her, or that she was a law enforcement officer.

28.     Defendant Cavallaro ordered Mr. Babcock and Ms. Babcock to move away from her and Plaintiff. These witnesses complied with Defendant Cavallaro's order, but they continued watching Defendant Cavallaro and Plaintiff from several feet away.

29.     Plaintiff again informed Defendant Cavallaro something to the effect of, 'If you're not going to cite me, you're going to have to let me be on my way.' Then, Plaintiff turned to leave in protest of Defendant Cavallaro's unlawful actions. In retaliation for Plaintiff's exercise of his rights, speech, and expressive conduct, Defendant Cavallaro yelled at Plaintiff and forcefully grabbed his arm.

30.     Plaintiff protested Defendant Cavallaro's physical seizure and then asked her, "Am I under arrest?" Defendant Cavallaro did not answer Plaintiff's question. Instead, she told him, "You can't leave."

31.     Plaintiff pulled his arm away from Defendant Cavallaro and again asked her something to the effect of, 'What's your authority to detain me?' Again, Defendant Cavallaro did not identify herself or her authority to detain Plaintiff.

32.     Another witness, John Bartlett, approached the scene around the same time.

1

33.     Plaintiff told Defendant Cavallaro something like, 'If you're not going to cite me,

2

then you have to release me. I don't recognize your authority because you've given me none.'

3

Plaintiff still did not know who Defendant Cavallaro was, who she worked for, or that she was a

4

law enforcement officer. Plaintiff again started to walk away in protest of Defendant Cavallaro's

5

unlawful actions. In response, Cavallaro became even more aggressive towards Plaintiff and

6

shouted at him that he could not leave.

7

34.     Around this time, Defendant Cavallaro unholstered her Taser and pointed it

8

towards Plaintiff in a threatening manner. Plaintiff told Defendant Cavallaro something to the

9

effect of, 'Your're going to Tase me now? Do not Tase me. I have a heart condition.' Mr.

10

Babcock told Defendant Cavallaro, "Hey, that's illegal."

11

35.     Plaintiff again asked Defendant Cavallaro something to the effect of, 'What's your

12

authority?' Defendant Cavallaro replied only, "The Constitution."

13

36.     Plaintiff told Defendant Cavallaro something like, 'That's no kind of answer. I'm

14

leaving.' Then Plaintiff said, "Come on, dogs, let's go," and again began to walk away with his

15

two small dogs in protest of Defendant Cavallaro's unlawful actions.

16

17

37.     Without any warning, Defendant Cavallaro fired her Taser at Plaintiff, shooting

18

him in the back with the Taser's razor-sharp, barbed probes. On information and belief,

19

Defendant Cavallaro Tased Plaintiff for a five-second cycle.

20

38.     Plaintiff immediately fell hard to the ground, ending up on his back. Plaintiff was

21

screaming, thinking to himself, "I hope I don't die," and unable to move normally for at least

22

several seconds.

23

24

39.     In addition to the puncture wounds caused by the razor-sharp, barbed Taser probes,

25

Plaintiff sustained contusions, scrapes, and burns from the Taser and the hard fall.

26

27

28

40.    During this time, Defendant Cavallaro repeatedly yelled at Plaintiff to roll onto his stomach and put his hands behind his back, but Plaintiff was unable to do so because of the effects of the Taser shock. Defendant Cavallaro did not handcuff Plaintiff at this time.

41.    Plaintiff's Beagle and Rat Terrier were climbing on top of him as he laid on the ground. Plaintiff asked the witnesses to come over and get the dogs for him, but Defendant Cavallaro would not let them approach Plaintiff. The witnesses were eventually able to get the dogs and ensure their safe return to Plaintiff's home.

42.    On information and belief, Defendant Cavallaro radioed for backup, and San Mateo County Sheriff's deputies arrived shortly thereafter. When the deputies arrived, Plaintiff was still on the ground with the sharp Taser probes stuck into his back. One of the deputies rolled Plaintiff onto his stomach and handcuffed him. Plaintiff remained in handcuffs with his hands behind his back for approximately three hours.

43.    After the deputy handcuffed Plaintiff, Defendant Cavallaro, without proper medical and sanitary precautions, yanked the Taser probes from Plaintiff's back, causing him further unnecessary pain and injury, including bloody puncture wounds.

44.    Defendant Cavallaro subjected Plaintiff to excessive and unnecessary force, including but not limited to seizing Plaintiff physically by forcefully grabbing his arm; pointing her Taser at him without any immediate threat or legal justification; shocking him with a Taser in dart mode while he was unarmed with his back turned and without any warning or legal justification; and removing the barbed Taser probes from Plaintiff's back by yanking them out of his skin without proper medical and sanitary precautions. The force used by Defendant Cavallaro against Plaintiff was unjustified and objectively unreasonable under the circumstances.

45.   Defendant Cavallaro's own excessive and unreasonable actions created the situation in which she decided to use force against Plaintiff and caused an escalation of events leading to her uses of force against and injury to Plaintiff.

46.   Defendant Cavallaro's unreasonable seizure and uses of excessive force against Plaintiff were done at least in part because of and in retaliation for Plaintiff's exercise of his rights, speech and expression, including but not limited to opposing Defendant Cavallaro's wrongful seizure and excessive force. Plaintiff's exercise of his rights, speech and expression is protected by the First Amendment to the United States Constitution and the California Constitution, Article 1, Section 2.

47.   At all material times, Plaintiff behaved peacefully and lawfully. Plaintiff had committed no crime, was unarmed, and did not pose any significant or immediate threat to the safety of Defendant Cavallaro or any other person at any time. No force was justified under the circumstances.

48.   Defendants Cavallaro and Does caused Plaintiff to be arrested and cited for misdemeanor crimes. Defendants' seizure of Plaintiff was done without probable cause, reasonable suspicion, or other legal right; lasted an excessive amount of time; and was conducted unreasonably.

49.   Defendant Cavallaro caused Plaintiff to be transported to a Sheriff's substation and then to jail. Plaintiff was not released from jail until approximately 12:30 a.m. The District Attorney declined to pursue any charges against Plaintiff.

50.   At all material times, and alternatively, Defendants Cavallaro and Does' actions and omissions were intentional, wanton, and/or willful, conscience-shocking, reckless, malicious,

COMPLAINT FOR DAMAGES AND JURY DEMAND                                           9

1    deliberately indifferent to Plaintiff's rights, done with actual malice, grossly negligent, negligent,

2    and objectively unreasonable.

3        51.    Plaintiff sustained substantial physical and emotional injuries caused by Defendants

4    Cavallaro and Does' misconduct, including but not limited to injuries to his back, pain and

5    suffering, and emotional distress.

6        52.    As a direct and proximate result of Defendants Cavallaro and Does' acts and/or

7    omissions as set forth above, Plaintiff sustained the following injuries and damages, past and

8
9    future, among others:

10            a.    Physical injuries, including puncture wounds, contusions, scrapes, burns,
                     and shoulder pain;
11
              b.    Physical pain and suffering;
12
              c.    Emotional and mental distress;
13
              d.    Wrongful seizure and imprisonment;
14
15            e.    Violation of constitutional rights;

16            f.    All damages and penalties recoverable under California and United States
                     statutes, codes, and common law.
17
                                        COUNT ONE
18    **Constitutional Claims –** *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*
                   **Plaintiff v. Defendant Sarah Cavallaro and Does 1-10**
19
20       53.    Plaintiff realleges each and every paragraph in this complaint as if fully set forth

21    here.

22       54.    By the actions and omissions described above, Defendants Cavallaro and Does 1-

23    10 deprived Plaintiff of the following clearly established and well-settled constitutional rights

24    protected by the First and Fourth Amendments to the United States Constitution:

25            a.    The right to be free from unreasonable searches and seizures as secured by
                     the Fourth Amendment;
26
27
28

COMPLAINT FOR DAMAGES AND JURY DEMAND                                                    10

1

       b.     The right to be free from excessive and unreasonable force in the course of
arrest or detention as secured by the Fourth Amendment;

2

3

       c.     The right to be free from retaliation for exercise of rights, speech, and
expression as secured by the First Amendment.

4      55.    Plaintiff exercised his First Amendment rights, including: repeatedly asking

5  Defendant Cavallaro to identify herself and her authority to detain him; protesting Cavallaro's

6  continued unlawful detention after she issued the verbal warning concerning the new leash rule;

7  repeatedly informing Cavallaro that he was going to leave; attempting to walk away in protest of

8

9  Cavallaro's unlawful conduct; and, after Cavallaro threatened him with her Taser, protesting this

10  use of unlawful force and informing Cavallaro that she should not Tase him because he has a heart

11  condition. In addition, the witnesses to Defendant Cavallaro's wrongful conduct also repeatedly

12  asked Cavallaro to identify herself and her authority, and protested her unlawful conduct against

13  Plaintiff.

14     56.    Defendant Cavallaro retaliated against Plaintiff for his exercise of his constitutional

15  rights, speech, and expressive conduct by the following actions: refusing to identify herself or her

16

17  authority to detain Plaintiff; repeatedly telling Plaintiff that he was not free to leave; forcefully

18  grabbing Plaintiff's arm; threatening Plaintiff with her Taser by pointing it at him absent any

19  immediate threat or legal justification whatsoever; firing her Taser into Plaintiff's back as he

20  attempted to walk away in protest after informing her that she should not Tase him because he has

21  a heart condition; and yanking the Taser's razor-sharp probes from Plaintiff's back without any

22  medical and sanitary precautions.

23

24     57.    Defendants Cavallaro and Does retaliated against Plaintiff for his exercise of

25  constitutional rights, speech, and expressive conduct by causing Plaintiff to be handcuffed for

26  approximately three hours and causing Plaintiff to be arrested and cited for crimes without

27  probable cause.

28

COMPLAINT FOR DAMAGES AND JURY DEMAND                11

1    58.    The actions of Defendants Cavallaro and Does were motivated by their desire to

2  silence and punish Plaintiff for his speech and expressive conduct in protest of his unreasonable

3  search and seizure and the excessive and unreasonable force used against him.

4    59.    Defendants Cavallaro and Does subjected Plaintiff to their wrongful conduct,

5  depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and

6  reckless disregard for whether the rights and safety of Plaintiff and others would be violated by

7  their acts and/or omissions.

8

9    60.    As a direct and proximate result of Defendants Cavallaro and Does' acts and/or

10  omissions as set forth above, Plaintiff sustained injuries and damages as set forth in paragraphs

11  51-52.

12    61.    The conduct of Defendants Cavallaro and Does entitles Plaintiff to punitive

13  damages and penalties allowable under federal law.

14    62.    The conduct of Defendants Cavallaro and Does also entitles Plaintiff to reasonable

15  costs allowable under federal law.

16

17                              **COUNT TWO**
                    **Federal Tort Claims Act – Assault**
18                  **Plaintiff v. United States of America**

19    63.    Plaintiff realleges each and every paragraph in this complaint as if fully set forth

20  here.

21    64.    The actions of Defendant Cavallaro as set forth above, including but not limited to

22  threatening to touch Plaintiff in a harmful and/or offensive manner by pointing her Taser at him

23
   without any justification or any potential threat by Plaintiff, constitute assault.
24

25    65.    It reasonably appeared to Plaintiff that Defendant Cavallaro was about to carry out

26  the threats.

27

28

COMPLAINT FOR DAMAGES AND JURY DEMAND                                          12

66.    Plaintiff did not consent to Defendant Cavallaro's threatening conduct.

67.    As a direct and proximate result of Defendants Cavallaro's assault of Plaintiff, he sustained injuries and damages and is entitled to relief as set forth above in paragraphs 51-52.

68.    Plaintiff is also entitled to reasonable costs allowable under the Federal Tort Claims Act and other federal law.

69.    Under the Federal Tort Claims Act, the United States is liable for these actions.

**COUNT THREE**
**Federal Tort Claims Act – Battery**
**Plaintiff v. United States of America**

70.    Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

71.    Defendant Cavallaro's actions as set forth above, including but not limited to forcefully grabbing Plaintiff's arm; firing razor-sharp, barbed Taser probes into Plaintiff's back without any immediate threat or legal justification whatsoever; having Plaintiff handcuffed for approximately three hours; and yanking the Taser probes from Plaintiff's back without proper medical and sanitary precautions, constitute battery against Plaintiff.

72.    Plaintiff did not consent to Defendant Cavallaro's battery against him and protested such battery both by his speech and expressive conduct, as set forth above.

73.    As a direct and proximate result of Defendant Cavallaro's battery of Plaintiff, he sustained injuries and damages and is entitled to relief as set forth above in paragraphs 67-68.

74.    Under the Federal Tort Claims Act, the United States is liable for these actions.

COMPLAINT FOR DAMAGES AND JURY DEMAND                                                  13

**COUNT FOUR**
**Federal Tort Claims Act – False Arrest and Imprisonment**
**Plaintiff v. United States of America**

75.     Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

76.     At no time during the events described above, and at all other pertinent times, did Defendants Cavallaro and Does have a warrant for the arrest of Plaintiff, nor did Defendants have any facts or information that constituted probable cause that Plaintiff had committed or attempted to commit a crime.

77.     Defendants Cavallaro and Does, and each of them, intentionally and unlawfully exercised force to restrain, detain, and confine Plaintiff, putting restraint on Plaintiff's freedom of movement, and compelled Plaintiff to remain and/or move against his will.

78.     Defendants Cavallaro and Does authorized, directed, and assisted in procuring, without process, Plaintiff's unlawful arrest.

79.     Defendants Cavallaro and Does knowingly made false statements to other law enforcement officers with the intent to induce Plaintiff's arrest and for the purpose of imposing restraint, detention, and confinement on Plaintiff and/or with knowledge that restraint, detention, and confinement would, to a substantial certainty, result from their accusations.

80.     As a direct and proximate result of Defendants Cavallaro and Does' acts and/or omissions as set forth above, Plaintiff sustained injuries and damages and is entitled to relief as set forth above in paragraphs 67-68.

81.     Under the Federal Tort Claims Act, the United States is liable for these actions.

COMPLAINT FOR DAMAGES AND JURY DEMAND                                                    14

## COUNT FIVE
**Federal Tort Claims Act – Negligence & Personal Injuries**
**Plaintiff v. United States of America**

82. Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

83. At all times, Defendants Cavallaro and Does owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

84. At all times, Defendants Cavallaro and Does owed Plaintiff the duty to act with reasonable care.

85. These general duties of reasonable care and due care owed to Plaintiff by Defendants Cavallaro and Does include but are not limited to the following specific obligations:

    a.   To refrain from using excessive and unreasonable force against Plaintiff;

    b.   To refrain from wrongfully arresting and/or detaining Plaintiff;

    c.   To use generally accepted law enforcement procedures and tactics that are reasonable and necessary under the circumstances;

    d.   To refrain from abusing their authority granted them by law;

    e.   To refrain from causing criminal citations and/or charges against Plaintiff when they lacked probable cause;

    f.   To refrain from violating Plaintiff's rights guaranteed by the California Constitution as set forth below in paragraph 90 and as otherwise protected by law.

86. Defendants Cavallaro and Does, though their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.

87. As a direct and proximate result of Defendants Cavallaro and Does' negligence as set forth above, Plaintiff sustained injuries and damages and is entitled to relief as set forth above in paragraphs 67-68.

88. Under the Federal Tort Claims Act, the United States is liable for these actions.

**COUNT SIX**
**Federal Tort Claims Act – California Civil Code § 52.1**
**Plaintiff v. United States of America**

89.     Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

90.     By their acts and omissions as described above, Defendants Cavallaro and Does violated Plaintiff's rights under California Civil Code § 52.1 and California Constitution Article 1, Sections 1, 2, and 13, by interfering, or attempting to interfere, by threats, intimidation, or coercion, with the following clearly established rights under law as defined in § 52.1, including but not limited to the following:

      a.    The right to be free from unlawful and unreasonable seizure of one's person, as secured by the California Constitution, Article 1, Section 13;

      b.    The right to be free from unreasonable or excessive force, as secured by the California Constitution, Article 1, Section 13;

      c.    The right to be free from retaliation for exercise of rights, speech, and expression, as secured by the California Constitution, Article 1, Section 2;

      d.    The right to protection from bodily restraint, harm, or personal insult, as secured by California Civil Code § 43.

91.     Defendants Cavallaro and Does violated Plaintiff's rights by the following conduct constituting threats, intimidation, or coercion:

      a.    Detaining and continuing to detain Plaintiff without reasonable suspicion, probable cause or other legal right, including repeatedly yelling at him that he was not free to leave after issuing him the verbal warning concerning the new NPS leash rule;

      b.    Forcefully grabbing Plaintiff's arm in the absence of any threat or justification whatsoever and in retaliation for Plaintiff's exercise of rights, speech, and expression;

      c.    Threatening violence by pointing a Taser at Plaintiff, in the absence of any threat from Plaintiff or justification whatsoever, and in retaliation for Plaintiff's exercise of rights, speech and expression;

1

2

        d.    Firing a Taser at Plaintiff, shooting him in the back with the Taser's razor-sharp, barbed probes, with no threat from Plaintiff, no legal justification whatsoever, and no warning;

3

        e.    Yanking the Taser's razor-sharp, barbed probes from Plaintiff's back without proper medical and sanitary precautions;

4

5

6

        f.    Causing Plaintiff to be arrested without probable cause, including having him handcuffed for approximately three hours, wrongfully causing him to be cited for misdemeanor crimes without cause, and transporting him to jail.

7

    92.    Defendants Cavallaro and Does subjected Plaintiff to their wrongful conduct,

8

depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and

9

reckless disregard for whether the rights and safety of Plaintiff and others would be violated by

10

their acts and/or omissions.

11

    93.    As a direct and proximate result of Defendants Cavallaro and Does' violation of

12

13

California Civil Code § 52.1 and of Plaintiff's rights under the California Constitution and

14

statutes, Plaintiff sustained injuries and damages and is entitled to relief as set forth above in

15

paragraphs 67-68, as well as all damages and recovery allowed by California Civil Code §§ 52 and

16

52.1 and California law, including but not limited to costs, treble damages, and civil penalties.

17

    94.    Under the Federal Tort Claims Act, the United States is liable for these actions.

18

**COUNT SEVEN**

19

**Federal Tort Claims Act – California Civil Code § 51.7**
**Plaintiff v. United States of America**

20

    95.    Plaintiff realleges each and every paragraph in this complaint as if fully set forth

21

22

here.

23

    96.    By her acts and omissions as described above, Defendants Cavallaro and Does

24

violated Plaintiff's rights under California Civil Code § 51.7 to be free from violence or

25

intimidation by threat of violence, committed against his person or property because of and in

26

27

28

COMPLAINT FOR DAMAGES AND JURY DEMAND          17

retaliation for his exercise of speech, expression, and/or membership in a class based on his speech and/or expression of views.

97.    As a direct and proximate result of Defendants Cavallaro and Does' violation of California Civil Code § 51.7, Plaintiff sustained injuries and damages and is entitled to relief as set forth above in paragraphs 67-68, as well as all damages and recovery allowed by California Civil Code §§ 52 and 51.7 and California law, including but not limited to costs, treble damages, and civil penalties.

98.    Under the Federal Tort Claims Act, the United States is liable for these actions.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief against each and every Defendant herein, jointly and severally:

1.    Compensatory damages in an amount according to proof and which is fair, just, and reasonable;

2.    Punitive damages in an amount according to proof and which is fair, just, and reasonable;

3.    All other damages, treble damages, penalties, costs, interest, and attorneys' fees as allowed by federal and/or California law;

4.    Such other and further relief as supported by the evidence and as this Court and/or the jury may deem appropriate.

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues triable of right by a jury.

Dated: March 21, 2013                    HADDAD & SHERWIN

MICHAEL J. HADDAD
Attorneys for Plaintiff

COMPLAINT FOR DAMAGES AND JURY DEMAND                    18