MICHAEL J. HADDAD (State Bar No. 189114)
JULIA SHERWIN (State Bar No. 189268)
GINA ALTOMARE (State Bar No. 273099)
GENEVIEVE K. GUERTIN (State Bar No. 262479)
HADDAD & SHERWIN
505 Seventeenth Street
Oakland, CA 94612
Telephone: (510) 452-5500
Fax: (510) 452-5510

Attorneys for Plaintiff
GARY HESTERBERG

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY HESTERBERG, individually, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA, National Park Service Ranger SARAH CAVALLARO, and DOES 1-10, individually, jointly and severally, <br><br> Defendants. | Case No. C13-1265 JSC <br><br> **PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL, OR FOR AN ORDER UNSEALING DOCUMENTS IMPROPERLY DESIGNATED AS CONFIDENTIAL, FILED IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

PLEASE TAKE NOTICE, that Plaintiff, by and through his attorneys, HADDAD & SHERWIN, files this motion to file documents under seal, or for an Order unsealing documents filed in support of Plaintiff's motion for partial summary judgment, pursuant to Civil L. R. 7-11 and 79-5, General Order 62 and this Court's Civil Standing Order. Plaintiff files this motion based solely on Defendants' improper designation of certain documents, or portions of documents, as "confidential," necessitating this motion.

The documents addressed in this motion include: **Exhibits D** and **F** to the Declaration of Gina Altomare in support of Plaintiff's motion for partial summary judgment, and the portions of **Exhibit B,** Defendant Cavallaro's deposition, discussing documents Defendants designated as confidential.

This Court recently recognized the strong public interest in the public's right to inspect judicial records, in *Darrell Hunter v. City and County of San Francisco*, Case No. 11-4911 JSC, Doc. 125, "Order Unsealing in Part March 4, 2013, Order re: Defendants' Motion for Partial Summary Judgment (Dkt. No. 115)."

This Court thoroughly stated the legal standard in *Hunter*:

> "[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 & n.7 (1978); *see also Foltz v. State Farm Mutual Auto Insurance Comp.*, 331 F.3d 1124, 1134 (9th Cir. 2003) ("In this circuit, we start with a strong presumption in favor of access to court records.) The right is justified by the interest of citizens in "keep[ing] a watchful eye on the workings of public agencies." *Nixon*, 435 U.S. at 598. The right, however, "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz*, 331 F.3d at 1135; *see, e.g. Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989). "A narrow range of documents is not subject to the right of public access at all because the records have traditionally been kept secret for important policy reasons." *Kamakana v. City and County of Honoloulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal citations omitted); *see, e.g., Times Mirror Co.*, 873 F.2d at 1219 (grand jury transcripts and warrant materials in the midst of a pre-indictment investigation not subject to right of public access).

Case No. C13-1265 JSC:  ADMIN. MOTION TO FILE UNDER SEAL OR UNSEAL DOCUMENTS       1

> The right of public access to judicial records "applies fully to dispositive pleadings, including motions for summary judgment and related attachments." *Kamakana*, 447 F.3d at 1179. The Ninth Circuit "adopted this principle of disclosure because the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events." *Id.* (internal citations and quotation marks omitted). Thus, "[a] party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Id.* at 1178-79. The reasons must "outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1179 (internal quotation marks and citations omitted). Such compelling reasons include "the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (internal quotation marks and citation omitted). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*
>
> The Court must "conscientiously balance[ ] the competing interests" of the public and those of the party seeking to keep certain judicial records secret. *Foltz*, 331 F.3d at 1135. In considering these interests, the court must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (internal citations omitted).

(*Hunter* Order, Doc. 125, pp. 1:25-3:2).

In this case, Defendants have improperly designated numerous documents in this matter as confidential. However, Plaintiff's motion for partial summary judgment requires the submission of a few of the improperly designated documents as exhibits, all attached to the Declaration of Gina Altomare in support of Plaintiff's motion for partial summary judgment. All exhibit references in this motion are to Ms. Altomare's Declaration in support of Plaintiff's motion for partial summary judgment.

It is beyond dispute that Defendant Cavallaro's unlawful detention of Gary Hesterberg, and unlawful Tasing of Mr. Hesterberg when he decided to end the unlawful detention, on public land policed by the National Park Service, is the subject of great public interest. Indeed, on February 1, 2012, Congresswoman Jackie Speier requested an investigation into this matter. **(Exhibit H)**. The investigation into the Congressional "complaint" was assigned to Captain Jeff Wasserman of the

National Park Service and United States Park Police. Once the investigation requested by Congresswoman Speier was completed, the National Park Service refused to release it, even to Congresswoman Speier. (**Exhibit H**).

Plaintiff now moves to file under seal **Exhibits D** and **F**, or for an Order unsealing very limited documents necessary for Plaintiff's motion for partial summary judgment, due to Defendants' improper designation of them as confidential.[1]

**Exhibit D** contains email messages and a letter declining to prosecute Gary Hesterberg for any crime, written by San Mateo County Deputy District Attorney Janelle Mosher, stating her reasons for her decision. Ms. Mosher's declination letter was shared with Defendant Cavallaro, who discussed it and sent it to several of her friends and co-workers within the National Park Service who were not involved in the incident with Mr. Hesterberg, including for example: John Gibbs, Mike Ross, Bruce Phillips, and the field staff of the Golden Gate National Recreation Area. (**Exhibit G,** emails between Defendant and John Ross; **Exhibit B,** Cavallaro Dep. pp. 207:3-210:20). During Ms. Cavallaro's deposition on August 9, 2013, given the broad circulation of the San Mateo County DA's declination to prosecute, Plaintiff's counsel asked defense counsel to lift the confidential designation of those communications. (**Exhibit B,** Cavallaro Dep. p. 210:8-23). Defense counsel agreed to discuss it with the DA and his client and get back to Plaintiff's counsel. On August 14, 2013, Defense counsel refused to remove the confidential designation for **Exhibit D** and also for **Exhibit F.** (Altomare Decl. ¶ 7).

In the emails contained in **Exhibit G,** Ranger Cavallaro discusses the fact that the DA only delayed in giving her the declination letter because the DA wanted Ms. Cavallaro's Supervisor,

---

[1] Plaintiff also files a redacted copy of the transcript of Defendant Cavallaro's deposition. Defendants did not designate any of her testimony as confidential, but her deposition was just taken on August 9, 2013, so Plaintiff redacts the portions of her testimony that refer to documents that were designated confidential, pending this Court's ruling on this motion.

Case No. C13-1265 JSC:   ADMIN. MOTION TO FILE UNDER SEAL OR UNSEAL DOCUMENTS         3

Kevin Cochary, to decide whether Ms. Cavallaro could have the letter. The DA did not refuse to provide the letter to Ms. Cavallaro because of any concern about confidentiality, and once the letter was provided to Ms. Cavallaro, she widely distributed it to her friends.

**Exhibit F** is the United States Department of Interior's Reference Manual-9, Chapter 32, on Electronic Control Device (ECD) Programs. Defendants have designated three pages of this ten-page policy document as confidential (Bates NPS000316-317, and NPS000321). Bates stamped pages 316-317 set forth the parameters for ECD ("Taser") use, and make clear that Defendant Cavallaro's Tasing of Plaintiff, who had informed her he has a heart condition, after Plaintiff decided to end Defendant's unlawful detention and began to walk away, was a violation of Department of Interior policy. Bates stamped page 321 contains nothing that could be deemed confidential. There is nothing that could remotely be deemed confidential in any of the pages Defendants have designated as confidential from their Taser policy.

Finally, in the transcript of Defendant Cavallaro that appears as **Exhibit B**, Ms. Cavallaro testified about matters Defendants have improperly designated as confidential, such as her training as a law enforcement officer, and the policy restrictions on Taser use in **Exhibit F**. Plaintiff has therefore lodged redacted copies of the deposition; but requests that this Court order the unredacted deposition be filed in the court record.

This case involves the unlawful detention and Tasing of a member of the public, on public land policed by the National Park Service, in the presence of community members, which led to a public and media-intensive discussion and Congressional request for an investigation. The public has a right to know what happened, why it happened, and what the National Park Service (NPS) is doing to make sure it doesn't happen again. As Congresswoman Speiers observed: "NPS owes it to the public to be up front and honest about the results of the investigation and its taser usage policy moving forward." (**Exhibit H**, Press Release).

Case No. C13-1265 JSC:  ADMIN. MOTION TO FILE UNDER SEAL OR UNSEAL DOCUMENTS                    4

The public also deserves to know the complete basis for Plaintiff's motion for partial summary judgment, and for however this Court eventually decides that dispositive motion.

**RELIEF REQUESTED**

Plaintiff is required to file this motion to file documents under seal, and does so, while requesting that this Court order the unsealing of the documents Defendants have improperly designated as confidential, including Plaintiff's motion for partial summary judgment, and Exhibits B, D, and F to the Declaration of Gina Altomare in support of Plaintiff's motion.

Dated: August 15, 2013              HADDAD & SHERWIN

                                    _____
                                    JULIA SHERWIN
                                    Attorneys for Plaintiff