IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY HESTERBERG,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Case No.: C-13-01265 JSC<br><br>**ORDER RE: PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL OR TO UNSEAL** (**Dkt. No. 32**) |

Now pending before the Court is Plaintiff's administrative motion to file under seal, or to unseal, documents designated as confidential by Defendants. (Dkt. No. 32.) Specifically, Plaintiff seeks to unseal two documents that the government has designated as confidential: 1) National Park Service's Law Enforcement Reference Manual ("RM-9"), and 2) San Mateo County Deputy District Attorney Janelle Mosher's memo declining to prosecute Plaintiff ("Mosher memo"). After carefully considering the parties' submissions, and having had the benefit of oral argument on November 7, 2013, the Court concludes that RM-9 is sealable to the extent the information in the manual is not available publicly, and that the Mosher memo is sealable in its entirety for the purposes of the summary judgment motion.

**LEGAL STANDARD**

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 & n.7 (1978); *see also Foltz v. State Farm Mutual Auto Insurance Comp.*, 331 F.3d 1124, 1134 (9th Cir. 2003) ("In this circuit, we start with a strong presumption in favor of access to court records.) The right is justified by the interest of citizens in "keep[ing] a watchful eye on the workings of public agencies." *Nixon*, 435 U.S. at 598. The right, however, "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz*, 331 F.3d at 1135; *see*, *e.g. Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989). "A narrow range of documents is not subject to the right of public access at all because the records have traditionally been kept secret for important policy reasons." *Kamakana v. City and County of Honoloulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal citations omitted); *see, e.g.*, *Times Mirror Co.*, 873 F.2d at 1219 (grand jury transcripts and warrant materials in the midst of a pre-indictment investigation not subject to right of public access).

The right of public access to judicial records "applies fully to dispositive pleadings, including motions for summary judgment and related attachments." *Kamakana*, 447 F.3d at 1179. The Ninth Circuit "adopted this principle of disclosure because the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events." *Id.* (internal citations and quotation marks omitted). Thus, "[a] party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Id*. at 1178-79. The reasons must "outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1179 (internal quotation marks and citations omitted). Such compelling reasons include "the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (internal quotation marks and citation omitted). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The Court must "conscientiously balance[ ] the competing interests" of the public and those of the party seeking to keep certain judicial records secret. *Foltz*, 331 F.3d at 1135. In considering these interests, the court must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (internal citations omitted).

## DISCUSSION

**A.    The RM-9**

Regarding the RM-9, the government states that, while it designated this document as confidential, much of what Plaintiff redacted is actually already publicly available on the Internet. Thus the government does not oppose unsealing these publicly available portions. However, the government contends that the nonpublic portions of the manual should be sealed because they "contain sensitive law-enforcement information: they describe circumstances under which NPS policy provides that a Electronic Control Device may be deployed by a law enforcement officer who is engaged with a criminal suspect." (Dkt. No. 37 at 2.) The government asserts that such information can empower criminal suspects who come in contact with NPS officers because they will be able to predict the officer's actions. The Court concludes that this is a compelling reason to seal the nonpublic portions of the document.

Regarding the public's interest, the RM-9, along with the Mosher memo, were submitted in conjunction with Plaintiff's motion for partial summary judgment, which this Court has already ruled on. (*See* Dkt. No. 54.) The Court's summary judgment Order does not rely in any way on RM-9 or the Mosher memo. Thus, whatever the public's interest in the RM-9, that interest is not connected to the Court's disposition of the summary judgment motion. The Court accordingly concludes that the public interest in the nonpublic portions of the RM-9 is low.

Considering that the reason for sealing the RM-9 is compelling, and the public interest in the RM-9 is low, the Court concludes that the nonpublic portions of the RM-9 shall be filed under seal. *See Hunter v. City and County of San Francisco*, 2013 WL 2319064, at *2 (N.D. Cal. May 28, 2013) (concluding that officer's interest in his identity outweighed any "de minimis" public interest where the court did not rely on the officer's actions in ruling on summary judgment). Per the government's

1  stipulation, however, Plaintiff may file the public portions unredacted, as well as the portion of NPS
2  Ranger Cavallaro's deposition that discusses the publicly available version of the RM-9.

**B.    The Mosher Memo**

The government contends that the Mosher memo should be sealed because it is a communication between a prosecutor and a law enforcement agency regarding whether to prosecute a suspect. The government asserts that the parties to such communications "must be able to have [them] in confidence in order to ensure the candid dialogue necessary to the law-enforcement process." (Dkt. No. 37 at 4.) The government, however, is unable to cite any authority in support of its proffered interest. Plaintiff contends that whatever privacy the communication was entitled to dissipated when Cavallaro shared the memo with a number of NPS co-workers. While Plaintiff is correct that Cavallaro shared the memo with several officers who were not involved in the incident, the record shows that those officers included the "head Taser coordinator for the Park Service" and a "law enforcement specialist at Yellowstone National Park." (Dkt. No. 28-2 at 208:10-24.) Given the role those people held in NPS, the Court cannot conclude that Cavallaro's sharing of the memo with them was entirely inconsistent with the government's reason for maintaining the document's confidentiality. Nonetheless, the government's reason for sealing the memo is not as compelling as its justification for sealing the RM-9, in light of Cavallaro's distribution of the memo to officers not involved in the investigation.

Despite the dilution of the government's compelling interest in sealing the memo, the Court concludes that the government's interest still outweighs the public's interest—at least for purposes of the present summary judgment motion. As noted above, the Court did not rely on the Mosher memo at all in ruling on the motion. The memo therefore lacks probative value at this stage in the proceedings. The public's de minimis interest in knowing the reasons for Mosher's decision to not prosecute Plaintiff are outweighed by the government's interest in maintaining the confidentiality of the communication. *See Hunter*, 2013 WL 2319064, at *2.

//
//
//

4

## CONCLUSION

For the reasons stated above, the nonpublic portions of the RM-9 and the Mosher memo shall be filed under seal; the public portions of the RM-9, as well as Cavallaro's deposition discussing those portions, shall be filed unredacted and are not sealable. Pursuant to Local Rule 79-5(f)(3), Plaintiff shall "file[] a revised redacted version of the document which comports with the Court's order within 7 days after the motion is denied."

IT IS SO ORDERED.

Dated: November 15, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE