UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY HESTERBERG,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 13-cv-01265-JSC<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS**<br><br>Re: Dkt. No. 128 |

In this Federal Tort Claims Act action, Plaintiff Gary Hesterberg prevailed at trial on his claims challenging a federal agent's use of a TASER on him while he fled following a nonviolent misdemeanor. Now before the Court is Plaintiff's motion to review the Clerk's taxation of prevailing party costs against Defendant United States of America. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and VACATES the hearing previously scheduled for December 18, 2014. For the reasons discussed below, the Court GRANTS review of the Clerk's taxation of costs and REVISES the Bill of Costs consistent with this Order.

**DISCUSSION**

Following a bench trial verdict in Plaintiff's favor, the Court entered judgment for Plaintiff on October 9, 2014. (Dkt. No. 124.) Plaintiff timely filed and served his bill of costs on Defendant, along with the required supporting affidavit. *See* Civ. L.R. 54-1(a) (providing that no later than 14 days after entry of judgment, a prevailing party claiming taxable costs must file and serve a bill of costs, along with a supporting affidavit attesting that the costs are correctly stated, were necessarily incurred, and are allowable by law). Plaintiff's bill of costs sought $11,552.09. (Dkt. No. 125.)

1    Defendant timely filed and served objections to Plaintiff's bill of costs. *See* Civ. L.R. 54-
2    2(a) (providing that within 14 days of service of the bill of costs, the party against whom costs are
3    claimed must serve and file any specific objections to any item of cost claimed in the bill).
4    Defendant made the following objections to Plaintiff's bill of costs: (1) a $824.40 "expediting
5    fee" for a deposition transcript; (2) the cost of trial transcripts; and (3) excessive costs related to
6    deposition transcript and reproduction, such as hole-punching and binder costs and unexplained
7    "litigation support." (Dkt. No. 126 at 2.) On November 4, 2014, the Clerk's Office taxed costs in
8    the amount of $7,265.29 against Defendant. The Clerk's taxation reduced the fees sought for
9    transcripts from $8,772.10 to $6,889.90, reduced the fees for printing from $2,118.28 to
10   $1,284.68, and reduced the fees for witnesses from $195.81 to $190.81. (Dkt. No. 127.) The
11   Clerk's total amount, however, is lower than the sum of these individual expenses.

12   On November 10, 2014, pursuant to Federal Rule of Civil Procedure 54(d)(1), Plaintiff
13   timely filed the instant motion for review of the Clerk's taxation of costs, arguing that the Clerk
14   improperly disallowed the fees for transcripts, printing, and witness expenses originally sought in
15   his bill of costs. (Dkt. No. 128.) Defendant did not file a motion seeking review of the Clerk's
16   taxation of costs, but filed a response to Plaintiff's motion that reiterates the objections made in its
17   original opposition to Plaintiff's bill of costs (Dkt. No. 129), but also concurs with Plaintiff that
18   some of the Clerk's reductions in costs are unclear (Dkt. No. 130). Defendant proposes a different
19   amount as the appropriate taxable costs in this case. (Dkt. No. 130 at 6.)

20   Both parties appear to seek review either based on objections to or confusion about the
21   Clerk's calculations, and indeed, given the discrepancy between the Clerk's calculated expenses
22   and the total sum reached, the Court GRANTS Plaintiff's motion for review of costs. For the
23   reasons set forth in this order, the Court taxes costs of $9,461.97, as set forth in the table below:

| Category | Plaintiff's Proposal[1] | Defendant's Proposal | Clerk's Bill of Costs | Amount Awarded |
|---|---|---|---|---|
| Clerk Fees | $350.00 | $350.00 | $350.00 | $350.00 |
| Service of Subpoenas | $115.90 | $115.90 | $115.90 | $115.90 |
| Fees for printed or electronic transcripts | $7,947.70 | $6,806.00 | $6,889.80 | $6,806.00 |
| Printing fees | $2,118.28 | $1,182.90 | $1,284.68 | $1,994.26 |
| Witness fees | $195.81 | $195.81 | $190.81 | $195.81 |
| Totals | $10,727.69 | $8,650.61 | $7,265.29[2] | $9,461.97 |

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorneys' fees—should be allowed to the prevailing party." Accordingly, "Rule 54(d) creates a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003) (citation omitted). The court "need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award." *Id.* at 945.

Section 1920 of Title 28 of the United States Code "enumerates expenses that a federal court *may* tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987) (emphasis added). Civil Local Rule 54-3 provides additional "standards for interpreting the costs" that Section 1920 allows. *Fowler v. Cal. Highway Patrol*, No. 13-cv-01026-TEH, 2014 WL 3965027, at *2 (N.D. Cal. Aug. 13, 2014) (citation omitted). In applying these rules and determining what expenses to tax, the Ninth Circuit "construe[s] Section 1920 narrowly." *Kalitta Air L.L.C. v. Cent. Tex. Airborne Sys. Inc.*, 741 F.3d 955, 958 (9th Cir. 2013). The Circuit takes this guidance from Supreme Court precedent, which advises that "[t]axable costs are limited to relatively minor, incidental expenses . . . [and] are a fraction of the nontaxable expenses borne by litigants[.]" *Taniguchi v. Kan. Pac. Saipan, Ltd.*,

---

[1] Based on the original amount requested less the $824.40 court reporter expediting fee, which Plaintiff agrees should have been discounted. (Dkt. No. 131 at 4.)

[2] This is the total amount listed in the Clerk's Bill of Costs, although the true sum of the Clerk's listed costs is actually $8,831.19.

1   132 S. Ct. 1997, 2006 (2012).

2   On a proper and timely motion, the court may review the Clerk's taxation of costs. *See*
3   Fed. R. Civ. P. 54(d)(1). Importantly, the court reviews the Clerk's taxation of costs de novo. *See*
4   *Lopez v. San Francisco Unified Sch. Dist.*, 385 F. Supp. 2d 981, 1000-01 (N.D. Cal. 2005); *see,*
5   *e.g.*, *Fowler*, 2014 WL 3965027, at *2. The court "may reduce costs which are unreasonably large
6   or which are not supported by adequate documentation" and retains "discretion to award partial
7   costs or to require the parties to pay their own costs." *Shum v. Intel Corp.*, 682 F. Supp. 2d 992,
8   998 (N.D. Cal. 2009), *aff'd*, 629 F.3d 1360 (Fed. Cir. 2010) (citation omitted). "With regard to
9   individual itemized costs, the burden is on the party seeking costs . . . to establish the amount of
10  compensable costs and expenses to which it is entitled." *City of Alameda v. Nuveen Mun. High*
11  *Income Opportunity Fund*, No. C 08-4575 SI, 2012 WL 177566, at *1 (N.D. Cal. Jan. 23, 2012)
12  (internal quotation marks and citation omitted).

13  The parties do not dispute that Plaintiff is the prevailing party and may recover costs listed
14  in 28 U.S.C. § 1920. Rather, the parties disagree about whether certain costs that Plaintiff
15  itemized are actually allowable under that statute and the Court's Local Rules. Plaintiff now
16  moves the Court to review and tax several costs that the Clerk disallowed: (1) transcript costs; (2)
17  printing costs; and (3) witness fees.

18  **1.     Transcript Fees**

19  Plaintiff seeks taxable costs for transcript fees in the amount of $7,947.70, which
20  represents costs for trial and deposition transcripts less the $824.40 expedited delivery fee for one
21  such transcript, which was initially included in the bill of costs and which Plaintiff concedes is
22  unallowable. (Dkt. No. 128.) The Clerk's Bill of Costs taxed $6,889.90 for transcripts, and cited
23  Civil Local Rule 54-3(d)(3) as grounds for deducting $1,882.30 in fees. Reviewing the papers in
24  this matter, the Court concludes that Plaintiff is entitled to $6,806.00 in transcript fees—the
25  amount Plaintiff seeks less $1,141.70 in unallowable trial transcript costs—pursuant to Civil Local
26  Rules 54-3(b) and (c).

27  With respect to trial transcript costs, Section 1920 provides that the Clerk of Court may tax
28  "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in [a] case[.]"

4

28 U.S.C. §1920(2). Civil Local Rule 54-3(b) provides further clarification regarding when a party may recover the cost of obtaining transcripts. Specifically, Local Rule 54-3(b) notes that transcript costs are allowable only when the transcripts are "necessarily obtained for an appeal" or the transcript contains "a statement by a Judge from the bench which is to be reduced to a formal order prepared by counsel[.]" Civ. L.R. 54-3(b)(1)-(2). By contrast, the rule disallows costs for any other transcripts "unless, before [the cost] is incurred, it is approved by a Judge or stipulated to be recoverable by counsel." Civ. L.R. 54-3(b)(3).

Plaintiff reports spending $1,141.70 to obtain copies of trial transcripts, but did not do so under circumstances that make the cost allowable under the provisions in the Local Rules. First, neither party appealed, so Plaintiff did not "necessarily obtain" the transcripts for an appeal under the first provision. *See* Civ. L.R. 54-3(b)(1). Although Plaintiff contends that it needed the trial transcript to make an initial determination about whether to file an appeal (Dkt. No. 128 at 7), this is not the scenario of which the Local Rule speaks. Nor did the Court issue any oral ruling from the bench that counsel needed to prepare a written order. *See* Civ. L.R. 54-3(b)(2). Indeed, Plaintiff did not use the requested transcript to prepare or file proposed findings of fact or conclusions of law, nor any other formal filing in this matter. On this point, Plaintiff contends that the cost should be allowable because the Court stated its own need for the transcripts. (Dkt. No. 128 at 6.) But Defendant ordered the transcript for the Court, so Plaintiff's copy is not allowable.

Plaintiff's arguments to the contrary are unavailing. First, the cases that Plaintiff relies on to demonstrate that the trial transcript costs are allowable are distinguishable. In *Barry v. United States*, No. C 11-00847 DMR, 2013 WL 450375, at *1 (N.D. Cal. Feb. 4, 2013), the court found the plaintiff's costs of obtaining trial transcripts was recoverable pursuant to Section 1920 because the plaintiff found the transcripts "necessary for use in the case." *Id.* at *1. The *Barry* court's order contains no further explanation of the court's reasoning, but the case's docket indicates that, unlike this case, the plaintiff used the trial transcript to file proposed findings of fact and conclusions of law after the bench trial. (*Barry v. United States*, No. C-11-00847 DMR, Dkt. No. 60.) *See also Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2006) (noting that materials from a proceeding in another court are appropriate for judicial notice).

5

1    Likewise, in *Vectren Communications Services v. City of Alameda*, No. C 08-3137 SI, 2014 WL 3612754, at *2-3 (N.D. Cal. July 22, 2014), the court allowed the plaintiff to recover the costs of obtaining trial transcripts because, although the use of transcripts did not fall within the exact scenarios set forth in the local rule, the plaintiff had demonstrated that it used the transcripts extensively during the month-long trial and in filing post-trial motions. Such is not the case here, where Plaintiff ordered the trial transcript after the trial had concluded and did not file post-trial motions or other filings relying on the transcript. Plaintiff's reliance on *Kranson v. Federal Express Corporation*, No. 11-cv-05826-YGR, 2013 WL 6503308, at *13 (N.D. Cal. Dec. 11, 2013), is similarly misplaced. In *Kranson*, the court awarded the cost of trial transcripts because the court had actually "ordered the parties to obtain the transcript" and defendant conceded taxation of costs was appropriate. *Id.*

Plaintiff's next contention—that the Local Rules' standards for allowable costs conflicts with the statutory requirements set forth in 28 U.S.C. Section 1920, and, therefore, the Local Rule must be invalid—fares no better. Section 1920 provides that the clerk of court "may" tax certain costs, including the fees for transcripts. 28 U.S.C. § 1920(2). Indeed, the notes to the statutory provision indicate that the word "may" was specifically substituted for the word "shall" to reflect the discretionary nature of the award. *See* Notes to 28 U.S.C. § 1920. Thus, the local rules of this district, which provide further guidance for courts to follow, does not conflict with any statutory mandate regarding these fees, but rather provides further guidelines for courts in this District to follow. *See, e.g.*, *Plantronics, Inc. v. Aliph, Inc.*, No. C 09-01714 WHA (LB), 2012 WL 6761576, at *2 (N.D. Cal. Oct. 23, 2012) ("Civil Local Rule 54-3 provides guidance regarding the taxable costs in each category [of Section 1920]."). Accordingly, Plaintiff's objection is without merit, and the Court concludes that Plaintiff is not entitled to tax the $1,141.70 spent to obtain trial transcripts.

Second, Plaintiff also seeks $6,806.00 in charges related to deposition transcripts. Civil Local Rule 54-3(c) provides that the cost of "an original and one copy of any deposition . . . taken for any purpose in connection with the case is allowable." Civ. L.R. 54-3(c)(1). It is well established in this District that "expedited delivery charges" for deposition transcripts are not

allowable. *Affymetrix, Inc. v. Multilyte Ltd.*, No. C 03-03779, 2005 WL 2072113, at *2 (N.D. Cal. Aug. 26, 2005) (citations omitted). Thus, Plaintiff properly concedes that the $824.40 expedited delivery fee for one such transcript is not allowable. There is a split in authority in this District, however, regarding the meaning of "the cost of one copy of a deposition transcript." Some courts have interpreted the rule to mean that a prevailing party may not recover the cost of an original deposition transcript in one format plus a copy in a different format—in particular, an electronic format—because the second format is obtained merely as a convenience to counsel. *See, e.g.*, *id.*; *see also, e.g.*, *ASIS Internet Servs. v. Optin Global, Inc.*, No. C-05-5124-JCS, 2008 WL 5245931, at *6 (N.D. Cal. Dec. 17, 2008) (awarding costs for written copies of a deposition transcript but declining to award costs for "'extra' charges such as ASCII/Mini/E-transcripts" (citations omitted)); *Intermedics, Inc. v. Ventritex, Inc.*, No. C-90-20233 JW (WDB), 1993 WL 515879, at *3 (N.D. Cal. Dec. 2, 1993) ("If a party elects to have the transcript made available in an additional, separate medium, such as on a diskette or in a condensed 'travel copy,' the party must bear any additional expenses associated with that choice."); *cf. Vectren*, 2014 WL 3612754, at *4 (awarding the prevailing party the cost of a condensed electronic transcript because the party received *only* the condensed copy—not the original *and* the condensed copy); *Robertson v. Qadri*, No. 06-4624 JF (HRL), 2009 WL 150952, at *5 (N.D. Cal. Jan. 21, 2009) (same).

However, more recently, the trend among other courts in this District appears to allow a party to recover costs for the original deposition transcript and a copy—no matter what format the copy is in. *See, e.g.*, *Linex Techs., Inc. v. Hewlett-Packard Co.*, No. 13-cv-00159-CW (MEJ), 2014 WL 5494906, at *7 (N.D. Cal. Oct. 30, 2014) (allowing a party to recover the costs of an original plus a rough draft because "courts in this district permit recovery for any combination of two versions of a deposition transcript."); *Kranson*, 2013 WL 6503308, at *13 (awarding a party the cost of an original transcript plus a condensed electronic version given "the benefits to receiving both versions" and the fact that Plaintiff used the condensed version in his trial presentation); *Ancora Techs., Inc. v. Apple, Inc.*, No. 11-CV-06357-YGR, 2013 WL 4532927, at *5-6 (N.D. Cal. Aug. 26, 2013) ("[T]he Court finds no reason to deny costs which conform to this rule, even if the second copy is a rough ASCII or a video."). The Court finds this approach

7

1  reasonable and agrees that a party may recover the cost of an original transcript plus an electronic
2  copy, given that the electronic versions have distinct, practical litigation benefits.  *See Kranson*,
3  2013 WL 6503308, at *13.
4        Here, Plaintiff submitted various invoices that requested both a single copy of the original
5  transcript itself along with a copy in electronic form.  (*See, e.g.*, Dkt. No. 125-2 at 11-19.)  In each
6  of these requests, Plaintiff's invoice reflects what the Local Rule for taxable costs provides:  one
7  original and one copy.  (*Id.*)  Moreover, the costs for the electronic version are low and therefore
8  reasonable.  (*See, e.g.*, *id.* at 17 (listing the cost of an e-transcript as $35.00).)  Thus, the Court
9  concludes that the electronic versions of the deposition transcripts are allowable costs, so Plaintiff
10 is entitled to $6,806.00 in deposition transcript fees.
11       Accordingly, Plaintiff's total allowable transcript fees are $6,806.00.

## 2. Printing Fees

13       Plaintiff also seeks $2,118.28 in reimbursement for other printing and reproduction costs.
14 (Dkt. No. 125.)  The Clerk disallowed $833.60 in printing costs pursuant to Civil Local Rule 54-
15 3(d)(3), under which the "cost of reproducing copies of motions, pleadings, notices, and other case
16 papers is not allowable."  Plaintiff now asks the Court to tax the full amount of costs originally
17 sought.  (Dkt. No. 128.)  Defendant, in turn, contends that Plaintiff's printing fees were excessive
18 and the bills were vague, making it impossible to determine exactly which costs are allowable, so
19 the Court should limit Plaintiff's recovery to $1,182.90 based on a 10-cent charge per copy of all
20 pages that Plaintiff printed.
21       As a threshold matter, the Court declines to adopt Defendant's request to arbitrarily assign
22 a lower printing cost; instead, the Court will assess each charge and the documentation that
23 Plaintiff submits in support.  In this analysis, the Court is guided by the fact that only some
24 fraction of a party's costs are taxable, *Taniguchi*, 132 S. Ct. at 2006, and that the party seeking
25 costs must submit adequate documentation to demonstrate that each cost is allowable, *see Shum*,
26 682 F. Supp. 2d at 998.  The Civil Local Rules provide for recovery of costs of "reproducing
27 disclosure or formal discovery documents when used for any purpose in the case[,]" and for
28 "reproducing trial exhibits . . . to the extent that a Judge requires copies to be provided."  Civ. L.R.

8

1    54-3(d)(2), (4).  By contrast, "the cost of reproducing copies of motions, pleadings, notices, and
2    other routine case papers is not allowable."  Civ. L.R. 54-3(d)(3).
3          Here, among the $2,118.28 in printing fees that Plaintiff seeks, there are both affirmatively
4    unallowable costs and costs without sufficient explanation.  Per the rules of this District, Plaintiff
5    may recover the cost of printing trial exhibits and documents that Defendant produced in
6    discovery, which constitute the lion's share of requested costs sought in this category.  To that
7    end, because the Court requires the parties to put trial exhibits in binders, Plaintiff may recover
8    various "extras" associated with printing trial exhibits, such as the cost of hole-punching, binders,
9    and tabs.  (*See* Dkt. No. 125-2 at 30.)  In contrast, Plaintiff may not recover the costs of printing
10   routine motions and other filings, which represents $43.97 of Plaintiff's printing expenses.  (Dkt.
11   No. 125-2 at 23-24.)  Moreover, there are also $80.05 in costs that have no explanation
12   whatsoever; the invoices only reflect that copies were made and other "light labor" was done
13   related to this case.  (*See* Dkt. No. 125-2 at 24, 25, 27.)  Such costs are not allowable either.  *See*
14   *Shum*, 682 F. Supp. 2d at 998.  Thus, the Court awards Plaintiff a total of $1,994.26 in printing
15   costs.

### 3. Witness Fees

17         Plaintiff seeks $195.81 in witness fees.  The Clerk's Bill of Cost discounted that amount by
18   $5.00, reflecting the lack of supporting documentation for a $5.00 toll fee, which witness
19   Marybeth McFarland reported paying in her route to the courthouse for trial.  (*See* Dkt. No. 125-2
20   at 4.)  Toll charges are a recoverable, taxable cost pursuant to 28 U.S.C. §§ 1920(6) and
21   1821(c)(3).  The Clerk properly discounted the $5 witness toll fee given the Plaintiff's lack of
22   documentation.  *See Shum*, 682 F. Supp. 2d at 998.  However, in its response to Plaintiff's motion,
23   Defendant stated that it does not object to inclusion of the bridge toll.  (Dkt. No. 130 at 6.)
24   Accordingly, the Court will include the additional $5 bridge toll, making the total taxable witness
25   costs $195.81.

## CONCLUSION

27         For the reasons explained above, the Court GRANTS Plaintiff's motion for review of the
28   Clerk's Bill of Costs, and ORDERS the taxation of costs in the total amount of $9,461.97 as set

forth above.  An amended Bill of Costs is attached.

**IT IS SO ORDERED**.

Dated:  December 16, 2014

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge